IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| **Plaintiff,** | | **8:23CR184** |
| **vs.** | | |
| **VENETIA TORRES,** | | **FINDINGS AND RECOMMENDATION** |
| **Defendant.** | | |

This matter is before the Court on the Motion to Dismiss Count II of the Indictment (Filing No. 35) filed by Defendant, Venetia Torres.  Defendant seeks dismissal of the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), contending § 922(g)(1)  is unconstitutional in light of the United States Supreme Court's recent decision, *New York State Rifle and Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

The Court held a status conference with counsel regarding Defendant's pretrial motions on December 19, 2023.  (Filing No. 60).  During an evidentiary hearing held on Defendant's separately pending Motion to Suppress Evidence and Statements (Filing No. 33),[1] the Court received into evidence, without objection, Defendant's exhibits in support of her motion to dismiss:

> Exhibit No. 102 - Photographs of two firearms
> Exhibit No. 103 - Copy of Warrant of Commitment from Defendant's prior conviction in Minnesota dated January 5, 2021
> Exhibit No. 104 - Copy of  Minn. Stat. § 152.025
> Exhibit No. 105 - Justice printout of Defendant's prior Nebraska conviction dated June 7, 2005

The matter is now fully submitted to the Court.  For the following reasons, the undersigned magistrate judge recommends that Defendant's motion to dismiss be denied.

## BACKGROUND

The charges against Defendant arise out of an investigation into a narcotics trafficking operation by U.S. mail.  As part of the investigation, the United States Postal Inspection Services

---

[1] The undersigned magistrate judge will address Defendant's Motion to Suppress by a separate Findings and Recommendation.

conducted a controlled pickup of a package containing methamphetamine at the Valentine, Nebraska Post Office on June 9, 2023.  During a subsequent interview with the postal inspector, Defendant admitted she knew what was in the package and stated there was a handgun underneath the front passenger seat of her vehicle.  The postal inspector recovered a black semiautomatic handgun next to live ammunition under the driver's seat of the vehicle.

On August 22, 2023, the grand jury returned a two-count indictment against Defendant. (Filing No. 1).  Count I charges Defendant and her codefendant with conspiracy to distribute 500 grams or more of a mixture or substances containing methamphetamine.  Count II charges Defendant with knowingly being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8).  Defendant was previously convicted of possession of controlled substance, a class 4 felony, on June 22, 2005, in  Nebraska.  (Filing No. 1; Ex. 105).  Defendant also was convicted on January 5, 2021, of a felony drug offense in Minnesota.  (Filing No. 1; Ex. 103 and 104).  Defendant has filed the instant motion to dismiss Count II, arguing § 922(g)(1) violates her Second Amendment right to bear arms pursuant to *Bruen*.

## ANALYSIS

Defendant is charged in Count II under 18 U.S.C. § 922(g)(1).  Section 922(g)(1) makes it unlawful for any individual "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to knowingly possess a firearm.  A conviction under § 922(g)(1) requires the government to prove that (1) the defendant sustained a previous conviction for a crime punishable by a term of imprisonment exceeding one year, (2) she knowingly possessed a firearm, (3) she knew that she belonged to a category of persons prohibited from possessing a firearm, and (4) the firearm was in or affecting interstate commerce.  *United States v. Jackson*, 69 F.4th 495, 499 (8th Cir. 2023) (citing *Rehaif v. United States*, ─── U.S. ────, 139 S. Ct. 2191, 2200 (2019)).

Defendant argues that § 922(g)(1) is facially unconstitutional and unconstitutional as applied based on the framework set forth in *Bruen*.  In *Bruen*, the Supreme Court held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Bruen*, 597 U.S. at 10.  The Supreme Court set forth a new analytical framework regarding the constitutionality of firearm regulations under the Second Amendment: if the "Second Amendment's plain text covers an individual's conduct," then the government must

2

provide historical evidence to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 (1961)). Defendant contends she falls within "the people" presumptively protected under the Second Amendment, and that § 922(g)(1) is inconsistent with the Nation's historical tradition and firearm regulation based on the *Bruen* analysis.

"Although the law in this area is still in flux," the Eighth Circuit Court of Appeals has conclusively rejected constitutional challenges like Defendant's to § 922(g)(1) post-*Bruen*. See *United States v. Doss*, No. 22-3662, 2023 WL 8299064, at *1 (8th Cir. Dec. 1, 2023) (recognizing its two recent cases rejecting Second Amendment challenges to § 922(g)(1) after *Bruen*); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the motion to dismiss."); *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (foreclosing as-applied challenges to § 922(g)(1)). As discussed by the Eighth Circuit in *Jackson*, the Supreme Court in *Heller* clarified "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Heller*, 554 U.S. at 635. The Eighth Circuit in *Jackson* confirmed that "[t]he decision in *Bruen*, which reaffirmed that the right [to bear arms] is 'subject to certain reasonable, well-defined restrictions,' . . . did not disturb those statements or cast doubt on the prohibitions [stated in *Heller*]." 69 F.4th 495 at 501-02. Recognizing there are differing schools of thought on the history regarding regulations for non-law abiding citizens, the Eighth Circuit nevertheless concluded history "supports the constitutionality of § 922(g)(1) as applied to [the defendant] and other convicted felons, because the law 'is consistent with the Nation's historical tradition of firearm regulation.'" *Jackson*, 69 F.4th at 502.

Defendant recognizes her arguments are foreclosed by the Eighth Circuit's opinion in *Jackson*, but asserts she is challenging the constitutionality of § 922(g)(1) to preserve the issue for further review. (Filing No. 36 at p. 4). Because district courts within the Eighth Circuit are bound to follow precedential decisions of the Eighth Circuit, the undersigned magistrate judge must recommend Defendant's motion to dismiss be denied in light of *Jackson*, *Cunningham*, and *Doss*. See *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (reversing because the district court's decision "conflicts with established precedent of this Circuit"). Upon consideration,

**IT IS HEREBY RECOMMENDED** to Robert F. Rossiter, Jr., Chief United States District Court Judge, that Defendant's Motion to Dismiss Count II of the Indictment ([Filing No. 35](#)) be denied.

Dated this 14th day of March, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.