IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR184 |
| v. | |
| VENETIA A. TORRES, | MEMORANDUM AND ORDER |
| Defendant. | |

On August 22, 2023, defendant Venetia A. Torres ("Torres") was charged in a two-count Indictment (Filing No. 1) with conspiring "to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing" methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Torres has since moved to dismiss the second count (Filing No. 35) pursuant to Federal Rule of Criminal Procedure 12(b)(3), arguing that prosecuting her under § 922(g)(1) violates her constitutional right to keep and bear arms in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 19 (2022) (deciding the "government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms"). *See also* U.S. Const. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."). Torres contends § 922(g)(1) is both unconstitutional on its face and as applied to her circumstances.

On referral from this Court, *see* 28 U.S.C. § 636(b)(1)(B) (authorizing referral of dispositive motions for "proposed findings of fact and recommendations"); Fed. R. Crim. P. 59(b)(1) (same), the magistrate judge assigned to this case[1] issued a Findings and

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

Recommendation (Filing No. 71) recommending the Court deny Torres's motion because "the Eighth Circuit Court of Appeals has conclusively rejected constitutional challenges like [Torres's] to § 922(g)(1) post-*Bruen*." *See*, *e.g.*, *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) ("The longstanding prohibition on possession of firearms by felons is constitutional, and the district court properly denied the [defendant's] motion to dismiss."); *United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (concluding "there is no need for felony-by-felony determinations regarding the constitutionality of § 922(g)(1) as applied to a particular defendant").

Torres timely objected (Filing No. 73) to the magistrate judge's Findings and Recommendation. As to the factual findings, Torres notes that Exhibit 102, described by the magistrate judge as "[p]hotographs of two firearms," is actually "two photographs of the same firearm." Torres also requests that the Court add two findings: (1) her prior drug convictions, as listed in the Indictment, are non-violent and (2) other than the alleged illegality of Torres possessing the firearm, the firearm itself "was otherwise legal, *i.e.*, semi-automatic, not stolen, and with an intact serial number."

Turning to the recommendation, Torres objects to that portion that recommends her motion to dismiss the second count be denied. Clarifying that she is preserving "this issue for appellate review," Torres (1) acknowledges the binding Eighth Circuit precedent on § 922(g)(1)'s constitutionality, (2) explains why she thinks the reasoning in those cases "is flawed and fails to comport with *Bruen*," (3) notes the pending petitions for writs of certiorari in those cases, (4) discusses the "growing split of authority on this issue" at the circuit level, and (5) asks this Court to dismiss the firearms charge.

In response (Filing No. 74), the government maintains that under the proper analysis in *Bruen*, Torres's "challenge to the federal felon in possession statute and her concomitant Second Amendment rights should be denied." In the government's view, the magistrate judge correctly decided that the Eighth Circuit has conclusively resolved the issue. The

government concedes Torres is correct with respect to the description of Exhibit 102 and does not specifically challenge her proposed additions to the factual record.

After careful de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3), the Court will sustain Torres's objections to the factual record and overrule her overriding objection to the magistrate judge's recommendation that her motion to dismiss be denied. As all involved acknowledge, the Eighth Circuit has already addressed this issue after *Bruen*, *see*, *e.g.*, *Jackson*, 69 F.4th at 501-02, 506, and this Court "is bound . . . to apply [that] precedent" in these circumstances, *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

While Torres has effectively preserved her challenge to § 922(g)(1)'s constitutionality, this Court sees no compelling grounds to grant her request for relief at this time in light of binding precedent. With that,

IT IS ORDERED:

1. Defendant Venetia A. Torres's objections (Filing No. 73) to the magistrate judge's Findings and Recommendation (Filing No. 71) are sustained in part and overruled in part.
2. Her objection to the description of Exhibit 102 and request to find two additional facts are sustained on this record. Her objection to the magistrate judge's recommendation is overruled.
3. The Findings and Recommendation is accepted as modified by this Memorandum and Order.
4. Torres's Motion to Dismiss Count II of the Indictment in this case (Filing No. 35) is denied.

Dated this 5th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge