IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>VENETIA A. TORRES,<br><br>     Defendant. | 8:23CR184<br><br><br>MEMORANDUM<br>AND ORDER |

   This matter is before the Court on defendant Venetia A. Torres's ("Torres") Motion to Suppress Evidence and Statements and Request for a Hearing (Filing No. 33). Torres's motion—and the underlying criminal charges against her—arise from the detention of a United States Priority Mail package that was intercepted by Postal Inspector Derek Ryan ("Inspector Ryan") on June 8, 2023, before it could be delivered to a private address in Valentine, Nebraska.

   Inspector Ryan and local law enforcement subjected the package to a dog sniff, but the dog did not alert. Based on his training and experience and the course of his investigation to that point, Inspector Ryan remained convinced the package contained illegal drugs. He thus held onto it while he obtained a search warrant.

   Upon opening the package, the investigators discovered it contained methamphetamine. Deciding to conduct a controlled delivery at the Valentine post office the next day, the investigators scanned the package in a way to alert its intended recipient to come to the post office to pick it up. Shortly after Torres's adult son Aaron Torres ("Aaron") and minor son T.T. ("T.T.") obtained the package at the post office that afternoon, they were arrested.

   The police contacted Torres to have her pick up T.T. because he was a juvenile. When she arrived at the police station, Torres agreed to speak with Inspector Ryan and

another investigator. During a subsequent interview, Torres admitted to her involvement in drug-trafficking and stated she had a firearm in her car. Inspector Ryan retrieved the unloaded firearm and a loaded magazine from under the driver's seat.

On August 22, 2023, a grand jury charged Torres (Filing No. 1) with conspiring "to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing" methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Torres unsuccessfully sought to dismiss the firearms charge pursuant to Federal Rule of Criminal Procedure 12(b)(3), arguing that prosecuting her under § 922(g)(1) violated her constitutional right to keep and bear arms (Filing Nos. 35, 71, 77).

As pertinent here, she also moved to suppress "the contents of the package removed from the mail stream on June 8, 2023, her statements to law enforcement on June 9, 2023, any evidence seized from her cellular telephone, and the firearm located in the car." Torres argues law enforcement (1) "lacked the requisite reasonable suspicion" to detain the package, (2) unreasonably prolonged that detention, and (3) conducted a search based on a warrant that "was so lacking in indicia of probable cause that law enforcement's reliance upon it to search the parcel was entirely unreasonable." In her view, "[a]ll evidence gleaned after the arrest of [her] sons is a fruit of the unlawful detention and search of the parcel."

The Court referred the matter to a magistrate judge[1] for review pursuant to 28 U.S.C. § 636(b)(1)(B) (authorizing the referral of dispositive motions for "proposed findings of fact and recommendations"), and Federal Rule of Criminal Procedure 59(b)(1) (same). On January 18, 2024, the magistrate judge held an evidentiary hearing at which Inspector Ryan testified about his investigation, including his interview with Torres. Based on that hearing and the parties' briefing, the magistrate judge issued a Findings and Recommendation (Filing No. 72) finding "no basis upon which to suppress" the challenged evidence in this

---

[1]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

case because "no Fourth Amendment violations occurred in the seizure and search of the Subject Parcel pursuant to a valid warrant."

Torres timely objected (Filing No. 78). In particular, she objects to (1) "some of the magistrate judge's analysis of *United States v. Terriques*, 211 F.Supp.2d 1137 (D. Neb. 2002)," as it relates to the issue of standing—which the magistrate judge decided in her favor, (2) "the magistrate judge's conclusion that 'PI Ryan testified that he believes delivery of the Subject Parcel was not delayed by the seizure,'" (3) "the magistrate judge's conclusion that a combination of wholly innocent factors combined into a suspicious conglomeration justifying seizure," and (4) his "conclusions that the package's contents should not be suppressed and that the acquisition of the other evidence (statements, phones, firearm) was not a fruit of the illegal seizure, suppressible under *Wong Sun v. United States*, 371 U.S. 471 (1963)."

In its response brief (Filing No. 79), the government maintains, "The evidence adduced at the hearing clearly demonstrated that [Torres's] Fourth Amendment rights were not violated because there was reasonable suspicion to detain the parcel for a canine sniff and to continue to detain the subject parcel while [Inspector Ryan] applied for a search warrant." According to the government, the magistrate judge correctly decided "that there's no authority to argue that a negative alert dissipates reasonable suspicion when the sum of factors can establish reasonable suspicion and that" absent a Fourth Amendment violation, "the evidence and statements should not be suppressed."

Having carefully reviewed Torres's motion to suppress, the magistrate judge's thorough Findings and Recommendation in this case, Torres's objections, and the parties' respective submissions, *see* 28 U.S.C. § 636(b)(1) (requiring "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Crim. P. 59(b)(3) (same), the Court finds Torres's motion should be denied. In short, the Court agrees with the magistrate judge that—in light of the totality of the circumstances in this case—Torres's Fourth Amendment rights were not

violated at any step of the investigation. *See, e.g.*, *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (requiring courts to "look at the 'totality of the circumstances' of each case" in evaluating reasonable suspicion because it "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person'" (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981))). Though Torres questions some of the magistrate judge's conclusions, the heart of his analysis of Inspector Ryan's seizure of the package is sound. *See, e.g.*, *United States v. Xiang*, 67 F.4th 895, 902 (8th Cir. 2023) (explaining "[t]he totality-of-the-circumstances test" required by the Fourth Amendment precludes any "sort of divide-and-conquer analysis" (quoting *United States v. Quinn*, 812 F.3d 694, 698 (8th Cir. 2016))); *United States v. Lakoskey*, 462 F.3d 965, 975, 977 (8th Cir. 2006) ("An officer has reasonable suspicion that a package contains contraband if she has a particularized and objective basis that is more than an inchoate and unparticularized suspicion or hunch." (quoting *United States v. Smith*, 383 F.3d 700, 704 (8th Cir. 2004))).

The Court likewise rejects Torres's conclusion that "[t]he warrant was so lacking in indicia of probable cause that" it was "entirely unreasonable" to rely on it. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (explaining the good-faith exception would not apply in those circumstances). Torres's assertion that the search warrant was based on "little more than a few interdiction hunches" is belied by the record in this case.

Based on the foregoing,

IT IS ORDERED:
1. Defendant Venetia A. Torres's objections (Filing No. 78) to the magistrate judge's Findings and Recommendation (Filing No. 72) are overruled.
2. The Findings and Recommendation is accepted.
3. Torres's Motion to Suppress Evidence and Statements (Filing No. 33) is denied.

Dated this 25th day of April 2024.

                                                      BY THE COURT:

                                                     Robert F. Rossiter, Jr.
                                                     Chief United States District Judge